| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER |
|---|---|
| **PLAINTIFF** <br> JoJo's 10 Restaurant, LLC | **DEFENDANTS** <br> Lisa M. Barnes and Charles Christopher Barnes |
| **ATTORNEY** (Firm Name, Address, and Telephone No.) <br> James L. O'Connor, Jr., Esq., Nickless, Phillips and O'Connor, P.C. <br> 625 Main Street, Fitchburg, MA 01420 <br> (978) 342-4590 | **ATTORNEY** (Firm Name, Address, and Telephone No.) |
| **PARTY** (Check One Box Only) <br> X Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor X Other <br> ☐ Trustee |

**CAUSE OF ACTION:** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Automatic Stay Violation; Injunctive Relief

**NATURE OF SUIT**
(Number of up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
X 11- Recovery of money/property - § 542 turnover of property
  12- Recovery of money/property - § 547 preference
  13- Recovery of money/property - § 548 fraudulent transfer
  14- Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
  21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale Property**
  31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
  41 – Objection/ revocation of discharge § 727 (c),(d),(e)

**FRBP 7001 (5) Revocation of Confirmation**
  51 – Revocation of Confirmation

**RFBP 7001(6) – Dischargeability**
  66 - Dischargeability - § 523(a)(1), (14), (14a) priority tax claims
  62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
  67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
      (continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
  61 – Dischargeability - § 523(a)(5), domestic support
  68 – Dischargeability - § 523(a)(6), willful and malicious injury
  63- Dischargeability - § 523(a)(8), student loan
  64 – Dischargeability - § 523(a)(15), divorce of separation obligation (other than domestic support)
  65 – Dischargeability - other

**FRBP 7001 (7) – Injunctive Relief**
X 71 – Injunctive relief – imposition of stay
X 72 – Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
  81 – Subordination of claim or interest

**FRBP 7001 (9) Declaratory Judgment**
  91 – Declaratory Judgment

**FRBP 7001(10) Determination of Removed Action**
  01 – Determination of removed claim or cause

**Other**
  SS-SIPA Case – 15 U.S.C. §§ 78aaa et. seq.

■ 02 – Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JoJo's 10 Restaurant, LLC | BANKRUPTCY CASE NUMBER<br>10-41983-MSH | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br>Melvin S. Hofman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/S/  James L. O'Connor, Jr. | | |
| DATE:<br>April 26, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>James L. O'Connor, Jr., Esq. | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re<br>JoJo's 10 Restaurant, LLC<br>    Debtor(s) | Chapter 11<br>No. 10-41983-MSH |
| JoJo's 10 Restaurant, LLC<br>    Plaintiff<br><br>v.<br><br>Lisa M. Barnes and Charles Christopher Barnes<br>    Defendants | Adv. Pro.<br>No. 10- |

## COMPLAINT

1. This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 157(b) (1) and (2) and § 1334. Venue is proper in this Court pursuant to 28 U.S.C § 1409(a).

2. Jo Jo's 10 Restaurant, LLC (hereinafter JoJo's or, the Debtor) is a Debtor and Debtor-in-Possession before this court, having filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 22, 2010 (hereinafter the Petition Date).

3. Lisa M. Barnes a/k/a Lisa M. Murphy (hereinafter Mrs. Barnes) is an attorney with a license to practice in the Commonwealth of Massachusetts and is believed to have a last and usual residential address of 75 Powder Mill Road, Maynard, Massachusetts 01754 and a usual place of business at 316 Central Street, Saugus, Massachusetts.

4. Charles Christopher Barnes a/k/a "Chris Barnes" (hereinafter Mr. Barnes) is an individual and is believed to have a residential address at 75 Powder Mill Road, Maynard, Massachusetts. Mr. Barnes and Mrs. Barnes are husband and wife. (Mr. and Mrs. Barnes are hereinafter jointly referred to as the Barnes or the Defendants)

5. The Debtor operates a restaurant in Maynard, Massachusetts operating under the name Jo Jo's West.

6. Mrs. Barnes is the holder of a 50% membership interest in the Debtor. The remaining 50% membership interest is held by Joseph White and Deborah White (hereinafter the Whites). The controlling vote, in the event of an impasse in the conduct of the business is vested in Joseph White

7. Prior to opening the restaurant the Debtor paid for the establishment of the Website http://jojoswest.com/default.aspx. (hereinafter the Website)

8. The Website was established to provide customers and prospective customers the ability to view events taking place at the Debtor's place of business and to enable customers to electronically reserve seatings and functions at the restaurant.

9. Mr. Barnes is the administrator and technical support representative of the Website, and as such has the ability to control the information posted on the Website.

10. Both before and after the Petition Date the Barnes have engaged in a pattern of harassment of the Debtor and its agents and employees and interference with its relationships both with customers and vendors including without limitation:

   A. On March 17, 2010 Mr. Barnes posted on the Debtor's Website statements intended to disparage Joseph White.

B. Upon information and belief at various times from and since February 4, 2010 Mr. Barnes has encouraged creditors to file suit against the Debtor and others.

C. On April 22, 2010 Mr. Barnes sent notice to a number of the Debtor's vendors stating that the Debtor had filed Chapter 11 to avoid paying the landlord, inviting creditors to contact "us", and stating that "we were working on a plan to get it out and get you your money".

D. On April 22, 2010 Mrs. Barnes stated in writing to Deborah White that she would be "coming to the restaurant all of the time".

E. Upon information and belief on April 22, 2010 Mr. Barnes visited several local restaurants notifying them that the Debtor had filed a bankruptcy and was out of business.

F. On April 22 or April 23, 2010 Mr. Barnes posted notice on the Debtor's Website stating that "JoJo's West had filed bankruptcy..." that the site had been terminated at the request of the Whites, and that no further information was available. The message has since been updated by Mr. Barnes to delete the reference to a bankruptcy and to state that the site had been terminated at the request of the Debtor.

G. On April 25, 2010 Mrs. Barnes entered onto the Debtor's premises, disrupted a meeting being held with employees, refused to leave, and insisted on walking throughout the restaurant causing disruptions in the employees' preparations for the day's business.

11. The Debtor is aware of no publication by any media outlet informing the general public that the Debtor had filed a petition for reorganization before his court.

12. Despite the lack of any publicity by any media outlet, the volume of business at the Debtor's place of business was significantly lower over the weekend from April 23, 2010 through April 25, 2010 than would ordinarily be expected.

## COUNT I
## TURNOVER OF PROPERTY OF THE ESTATE

13. The Debtor repeats each and every allegation set forth in paragraphs 1-12.

14. The Debtor's Website is property of the bankruptcy estate and the Debtor is entitled to full possession and control, free of interference from Mr. Barnes.

15. Mr. Barnes continues to exercise possession and control over the Debtor's Website and has failed or refused to surrender and deliver to the Debtor possession and control of the Website.

16. The termination of the Website by Mr. Barnes and the positing of inaccurate and/or misleading information is causing damage to the Debtor.

WHEREFORE Jo Jo's 10 Restaurant, LLC prays that:

1. This Court enter an order directing Chris Barnes, and all those acting in concert with him, including but not limited to his agents and employees, to deliver and/or surrender to the Debtor all control and possession of the Website;

2. This Court enter an order directing Chris Barnes, and all those acting in concert with him, including but not limited to his agents and employees, to transfer the domain name to Jo Jo's 10 Restaurant, LLC;

3. This Court enter an order directing Chris Barnes, and all those acting in concert with him, including but not limited to his agent and employees, to notify the web host that he is no longer authorized to act on behalf of the Debtor.

4. This court enter an order removing Chris Barnes as administrator and technical representative of the Website and grant such other relief as is just

5. It be granted such damages as this court deems appropriate together with interest and its costs.

## COUNT II
## RESULTING TRUST

17. The Debtor repeats each and every allegation set forth in paragraphs 1-16.

18. Establishment of JoJo's Website was accomplished with the Debtor's funds.

19. Upon information and belief Mr. Barnes may now assert that he is the owner of the Debtor's Website.

20. Mr. Barnes' present active control over the Website is designed to enable him to destroy the Debtor's business and ultimately obtain possession and control over the Debtor's business to the detriment of the Debtor and its creditors.

21. Attempts by Mr. Barnes to assert ownership over the Website will unjustly enrich Mr. Barnes.

22. Assertion of ownership and control by Mr. Barnes over the Website is designed to perpetrate a fraud upon the Debtor.

WHEREFORE Jo Jo's 10 Restaurant, LLC prays that:

1. This court find that the Website jojoswest.com, if held by Christopher Barnes, is held in a resulting trust for the benefit of the Debtor;

2. This Court enter an order directing Chris Barnes, and all those acting in concert with him, including but not limited to his agent and employees, to deliver and/or surrender to the Debtor all control and possession of the Website.

3. This Court enter an order directing Chris Barnes, and all those acting in concert with him, including but not limited to his agent and employees, to transfer the domain name to Jo Jo's 10 Restaurant, LLC

4. This Court enter an order directing Chris Barnes, and all those acting in concert with him, including but not limited to his agent and employees, to notify the web host that he is no longer authorized to act on behalf of the Debtor.

5. This court enter an order removing Chris Barnes as administrator and technical representative of the Website and grant such other relief as is just

## COUNT III
## UNAUTHORIZED POST-PETION TRANSFER

23. JoJo's repeats and alleges paragraphs 1-22

24. Mr. Barnes has unlawfully and without the Debtor's permission asserted control over the Website.

25. The Website constitutes a valuable asset of the Debtor.

26. Mr. Barnes' actions constitute an unauthorized transfer of property of the estate after commencement of the case and not authorized under the Bankruptcy Code or by this Court.

27. The transfer is avoidable pursuant to sections 544 and 549 of the Bankruptcy Code and therefore the Debtor may recover the property transferred or the value of the transfer from the Defendants.

WHEREFORE Jo Jo's 10 Restaurant, LLC prays that:

1. This Court grant judgment for the Debtor in the amount of the value of the Website.

2. This court avoid the transfer of the Website to Christopher Barnes.

3. This court enter an order that the Website is held in constructive or resulting trust for the benefit of the bankruptcy estate

4. It be granted such further and other relief as is just.

## COUNT IV
## WILLFULL VIOLATION OF THE AUTOMATIC STAY

28. The Debtor repeats each and every allegation set forth in paragraphs 1-27.

29. Mr. Barnes has wrongfully exercised ownership and control over the Website, which is an asset of the bankruptcy estate.

30. At the time that he exercised ownership and control over the Website he knew that the Debtor had filed a petition before this court to reorganize its affairs.

31. Mr. Barnes has asserted that he is owed money by and therefore is a creditor of the Debtor.

32. The exercise of ownership by Mr. Barnes was conducted with the intent of obtaining control over the assets of the Debtor or otherwise harming the Debtor's ability to reorganize.

33. Section 362 of the Bankruptcy Code acts as an automatic stay preventing all individuals from, among other things, exercising control over assets of a debtor or attempting to collect funds it asserts are owed by the debtor.

WHEREFORE Jo Jo's 10 Restaurant, LLC prays that::

1. This court enter an order finding the Christopher Barnes has violated the automatic stay.

2. This court enter an order that the violation by Christopher Barnes was willful

3. It be granted such damages as this court deems just together with interest and its attorney's fees.

4. It be granted such further and other relief as is just.

## COUNT V
## INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

34. The Debtor repeats each and every allegation set forth in paragraphs 1-33.

35. The actions of the Barnes in terminating the Debtor's Website, publishing false information verbally and in writing, communicating with the Debtor's vendors and creditors, and disrupting staff meetings, all interfere with business relationships between the Debtor and its customers, its employees and its vendors.

36. As a result of the interference with is business relationships the Debtor has been harmed.

WHEREFORE JoJo's 10 Restaurant, LLC prays that it be granted that sum which this court deems just.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

37. The Debtor repeats each and every allegation set forth in paragraphs 1-36.

38. The activities of Mrs. Barnes, including specifically the intentional disruption of a staff meeting and threats to enter upon the premises at all times, is a breach of her fiduciary duty as a 50% owner of the Debtor

39. As a result of Mrs. Barnes' breach of her fiduciary duty the Debtor has been harmed.

WHEREFORE JoJo's 10 Restaurant, LLC prays that it be granted that sum which this court deems just.

## COUNT VII
## TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

40. The Debtor repeats each and every allegation set forth in paragraphs 1-39.

41. The activities of the Barnes, including those set forth in paragraph 10 of this complaint are causing and will cause, if allowed to continue, irreparable harm to the Debtor.

42. There is a substantial likelihood that the Debtor will succeed on the merits of this action.

43. The harm, if any, to the Barnes if injunctive relief is granted is outweighed by the harm that will be suffered by the Debtor if injunctive relief is not granted.

44. Granting the Debtor a preliminary injunction is consistent with the public interest.

WHEREFORE JoJo's 10 Restaurant, LLC prays that:

1. This court issue a writ of mandamus ordering Charles Christopher Barnes a/k/a Chris Barnes, Lisa M. Barnes a/k/a Lisa M. Murphy, and each of their agents, employees, officers, and others acting in concert with them to immediately restore the website Jojoswest.com to the condition it was prior to April 22, 2010.

2. Charles Christopher Barnes a/k/a Chris Barnes, Lisa M. Barnes a/k/a Lisa M. Murphy and each of their agents, employees, officers, and others acting in concert with them be otherwise be temporarily restrained from exercising any ownership or control over the website Jojoswest.com. or posting any messages on the Website

3. Charles Christopher Barnes a/k/a Chris Barnes, Lisa M. Barnes a/k/a Lisa M. Murphy and each of their agents, employees, officers, and others acting in concert with them be temporarily restrained from communicating with any of the Debtor's members, employees, creditors, and customers.

4. Charles Christopher Barnes a/k/a Chris Barnes, Lisa M. Barnes a/k/a Lisa M. Murphy and each of their agents, employees, officers, and others acting in concert with them be temporarily restrained from disseminating in any form any false information about the Debtor, its principals to any individuals including but not limited, print, radio, TV, or internet media outlets, and competing businesses.

5. Charles Christopher Barnes a/k/a Chris Barnes, Lisa M. Barnes a/k/a Lisa M. Murphy be temporarily restrained from entering onto or within 500 yards of the Debtor's business premises.

6. After hearing, this court issue a Preliminary Injunction extending and incorporating the terms of the Temporary Restraining Order.

7. It be granted such damages as this court deems just together with its attorney's fees and costs.

> Jo Jo's 10 Restaurant LLC
> By its attorney,
>
>
> /s/ James L. O'Connor, Jr.
> David M. Nickless, Esq.
> James L. O'Connor, Jr., Esq.
> Nickless, Phillips and O'Connor P.C.
> 625 Main Street
> Fitchburg, MA 01420
> (978) 342-4590
> BBO No. 371920
> BBO No. 563450
> joconnor.nandp@verizon.net
> dnickless.nandp@verizon.net